UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rogelio T. Best

18 CV 10715

_____CV_____
(Include case number if one has been assigned)

Write the full name of each plaintiff.

-against-

Douglas Elliman Property Management

Do you want a jury trial?
☒ Yes    ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Rogelio | T. | Best |
|---|---|---|
| First Name | Middle Initial | Last Name |

8777 94th St.
Street Address

| Woodhaven, Queens | NY | 11421 |
|---|---|---|
| County, City | State | Zip Code |

| 917-284-4040 | ivanaraye@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:
**Douglas Elliman Property Management**
Name
675 3rd Ave
Address where defendant may be served

| New York | NY | 10017 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

Name

Address where defendant may be served

| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name
212 Warren St.
_____
Address
New York          NY          10282
_____
County, City          State          Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

- ☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

    The defendant discriminated against me because of my (check only those that apply and explain):

    - ☐ race: _____
    - ☐ color: _____
    - ☐ religion: _____
    - ☐ sex: _____
    - ☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: **April 16th, 1955**

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

B. **Other Claims**

In addition to my federal claims listed above, I assert claims under:

- ☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law): _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

- ☒ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? **February 14th, 2018**

- ☐ No

Have you received a Notice of Right to Sue from the EEOC?

- ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? **August 14th, 2018**

    When did you receive the Notice? **August 21st, 2018**

- ☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

- ☐ direct the defendant to hire me
- ☒ direct the defendant to re-employ me
- ☐ direct the defendant to promote me
- ☐ direct the defendant to reasonably accommodate my religion
- ☐ direct the defendant to reasonably accommodate my disability
- ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

    Plaintiff would like to claim back pay for the months in which he has been unemployed since his termination. Plaintiff would also like to claim damages for the pain and suffering he has experienced as a result of his discriminatory termination.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| November 13th, 2018 | | | *[signature]* |
|---|---|---|---|
| Dated | | | Plaintiff's Signature |

| Rogelio | T. | Best | |
|---|---|---|---|
| First Name | Middle Initial | Last Name | |

8777 94th Street
Street Address

| Woodhaven, Queens | NY | 11421 |
|---|---|---|
| County, City | State | Zip Code |

| 917-284-4040 | ivanaraye@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Background[1]

1. Rogelio Best, a 63 year old male was employed as a porter at a residential building, 212 Warren Street, New York, NY 10282, from June or July 2016 to January 2018. This property is owned and operated by the Defendant, Douglas Elliman.

2. The responsibilities of a porter include sweeping and mopping floors and vacuuming carpets, cleaning common areas, and responding to tenants' calls as needed.

3. In the summer of 2017 Mr. Best met with the building's superintendent, Mr. John Stevens, who is in his 50s, to request a new back brace, because of back pain. Mr. Stevens responded by saying "[i]f you want, you can consider disability, or retirement." This statement reflects Mr. Stevens' animus towards older workers.

4. Mr. Stevens had previously caused Defendant to terminate older employees for minor infractions, while younger employees were not terminated for major infractions. For example, in December 2017, a younger employee (in his late 20s) missed a shift entirely and only received a one week suspension. By contrast, in late 2015 or early 2016, an older employee (in his late 50s) was terminated after a minor incident in which an unauthorized person entered the building. This conduct by the Defendant shows the company has an animus towards older workers and manufactures opportunities to terminate older employees.

5. On 1/15/2018, an incident occurred with the building's superintendent, Mr. Stevens, which resulted in Mr. Best's termination.

6. Mr. Best was on his lunch break when he received a call from the building concierge to go to a tenant's apartment to deal with flooding in the bathroom.

7. Because Mr. Best was on his company mandated lunch break, a different porter responded. This other porter, who is in his late 20s to early 30s, received no disciplinary action for this incident, even though he was unable to resolve the situation, and on information and belief he is still employed in the same role in the same building.

8. This other porter was ineffective at dealing with flooding, so the building concierge again asked Mr. Best to respond, even though he was on his company mandated lunch break.

9. Mr. Best then responded and effectively handled the situation by cleaning the bathroom.

---

[1] This document was prepared with the assistance of the NYLAG Legal Clinic for Pro Se Litigants in the SDNY.

10. At this point, Mr. Stevens arrived and inspected the now cleaned bathroom, before questioning Mr. Best as to why he did not respond immediately to the call. The reason for the delay was because Mr. Best normally does not respond to calls on his company mandated lunch break, because he not supposed to respond to calls during those periods, when he is "off the clock." Mr. Stevens proceeded to suspend him for two weeks.

11. Mr. Best then went down to the locker room to change and leave the building. Mr. Stevens entered the locker room and started yelling at him, and then terminated him.

12. This flooding incident, which should not have been treated as an infraction by Mr. Best, was the first, and only, infraction on his employment record.

13. After Mr. Best was terminated from his position, on information and belief, Defendant has hired three new employees, each of whom is significantly younger than Mr. Best. These new employees are approximately in their late 20s or early 30s.

Procedural History

14. Mr. Best took his grievance to his union, and the union reached out to his former employer. The union and employer offered Mr. Best an agreement, which would have let him return to his job, but eliminated Mr. Best's ability to grieve any future termination on any basis at all. Out of fear that the Defendant would then be able to terminate him for any minor issue, even one which would not normally justify termination, Mr. Best declined to sign to avoid losing his right to grieve an improper future termination.

15. Mr. Best then went to the EEOC and received a right to sue letter, which will expires on 11/14/18.

16. Since his termination from the Defendant's company, Mr. Best has been actively seeking employment, but has not yet found another job.

EEOC Form 5 (11/09)

|  | CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
|  | This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 520-2018-02187 |

State or local Agency, if any _____ and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Rogelio T Best | 917-284-4040 | 1955 |

Street Address: 8777 94th Street, WOODHAVEN, NY 11421

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| DOUGLAS ELLIMAN PROPERTY MANAGEMENT |  |  |

Street Address: 575 Madison Avenue, NEW YORK, NY 10022

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-15-2018   Latest: 01-15-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Rogelio T. Best, began my employment with Respondent (Douglas Elliman Property Management) approximately nine years ago as a Concierge. In April of 2016 I was placed at the 212 Warren Street, New York address under the direction of Building Resident Manager, Gabriel l/n/u (White). In this new location I was made a Porter and no longer had Concierge tasks. I had no issues regarding my performance as a Porter. However, the job was very labor intensive and I had issues managing the workload in the beginning. In 2017, John Stevens (White) became the new Building Resident Manager and he hired two (2) employees in their late 20s early 30s. Specifically, on January 15, 2018, at approximately 9 PM. a call came in from a resident about a leaking toilet. Prior to this call I had already clocked out to take my lunch break. I am required to clock in and out for my lunch break. There was another Porter on duty (male/White) who was handling the matter. During my break, I was asked by the Concierge on duty Jay (Hispanic/Female), to go up and assist because there was water going to the floor below and the matter had elevated. I stopped eating and went to assist. I wiped up the water using rags and turned off the valve. The other Porter had a bucket and a mop that was not able to pick up that much water. Mr. Stevens came to see if the matter was handled and then told me I dont care about your lunch, you should have come immediately. I responded, if I did not perform my duties this evening, put it in writing and I will take it to my union. He then said, you are suspended for three (3) days. I went to the locker room to change my clothes and go home. Stevens came to the locker room and began speaking about things that had nothing to do with the

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Rogelio Best on 02-14-2018 04:13 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

|  | CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>520-2018-02187 |
|---|---|---|---|

_____ and EEOC
*State or local Agency, if any*

situation. He made statements about me not doing enough work, and commented on other issues. I chose not to argue with him and said I am suspended for three days and I will be leaving. Stevens then stated I was not suspended for three days but suspended indefinitely and walked off. I spoke with the union and filed a complaint. On February 14, 2018 I went to the union headquarters and was given a stipulation that was dated February 9, 2018. I was told that if I did not sign the stipulation I would not have a job. I will not sign a document that I believe is unfair. Based on the above, I believe my right have been violated under Title VII of the Civil Rights Act of 1964, as amended because of my race (Black), national origin (Panama) and my color. My rights have also been violated under the Age Discrimination in Employment Act, (ADEA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Rogelio Best on 02-14-2018 04:13 PM EST** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Rogelio T. Best
8777 94th Street
Woodhaven, NY 11421

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-02187 | Debra L. Richards, Investigator | (212) 336-3768 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                        8/14/18

**Kevin J. Berry,**                                  (Date Mailed)
**District Director**

Enclosures(s)

cc:

DOUGLAS ELLIMAN PROPERTY
Management
675 Third Avenue
New York, NY 10017

Enclosure with EEOC